## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN KELLEY and ROBIN KELLEY, Individually, and as Personal Representatives and General Co-Administrators of THE ESTATE OF J.K., their minor child, deceased; J.O., a minor, Individually, and as Successor-in-Interest to THE ESTATE OF H.H., deceased, and as Successor-in-Interest to THE ESTATE OF SARA SCHNEIDER, deceased, by and through his Co-Guardians ad Litem, JUDY SCHNEIDER and TROY OLVER, <br><br> Plaintiffs, <br><br> v. <br><br> AW DISTRIBUTING, INC.; AW PRODUCT SALES & MARKETING, INC.; AW & HO (HOLDINGS), INC.; KENNIC HO; ALICE HO; WALMART INC.; WAL-MART STORES, INC.; WAL-MART STORES EAST, LP; WAL-MART STORES EAST, LLC; DAIHO SANGYO, INC.; AND JOHN DOE COMPANY DEFENDANTS #2-10, <br><br> Defendants. | Misc. Case No.: _____ <br><br> Underlying Case No: <br><br> 4:20-cv-06942-JSW <br><br> United States District Court for the Northern District of California |

## JOINT MEMORANDUM OF LAW IN SUPPORT OF
## NONPARTY CRC INDUSTRIES, INC.'S MOTIONS TO QUASH
## SUBPOENAS TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ................................................................................................. 1

II.     BACKGROUND .................................................................................................. 3

        A.      The Underlying Actions.......................................................................... 3

                1.      The California Action ................................................................. 3

                2.      The Missouri Action .................................................................. 4

        B.      CRC............................................................................................................ 5

        C.      The Subpoenas ........................................................................................ 6

                1.      The October 28 Subpoena......................................................... 6

                2.      The December 7 Subpoenas...................................................... 7

                3.      CRC Objects to the December 7 Subpoenas........................... 8

                4.      Falcon Safety Products' Objection to the Missouri Action Subpoena ....... 8

III.    ARGUMENT ....................................................................................................... 8

        A.      The Subpoenas Seek Testimony That Is Not Relevant........................ 9

        B.      Plaintiffs Have No Need for the Testimony ...................................... 11

        C.      The Subpoenas Impose Substantial Burden, Expense, and Inconvenience.......... 12

IV.     CONCLUSION.................................................................................................. 14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Braasch-Berry v. CRC Industries, Inc.*,
No. 21-CV-32021 (Or. Multnomah Cnty. Cir. Ct.) .....................................................6

*Cont'l Cas. Co. v. J.M. Huber Corp.*,
No. CV 13-4298 (CCC), 2017 WL 6492492 (D.N.J. Dec. 19, 2017) ....................................10

*Cunningham v. Concentrix Sols. Corp.*,
No. 4:20-CV-00661, 2021 WL 4502615 (E.D. Tex. Oct. 1, 2021) .........................................10

*Frank v. Honeywell Int'l Inc.*,
No. 15-MC-00172, 2015 WL 4770965 (E.D. Pa. Aug. 13, 2015) ...................................11, 12

*Hayes v. Easterday*,
No. CV 11-0681, 2012 WL 13207471 (E.D. Pa. Jan. 24, 2012) ............................................9

*Lady Liberty Transp. Co. v. Philadelphia Parking Auth.*,
No. CIV.05-1322, 2007 WL 707372 (E.D. Pa. Mar. 1, 2007)................................................11

*Mannington Mills, Inc. v. Armstrong World Indus., Inc.*,
206 F.R.D. 525 (D. Del. 2002) ...........................................................................................12

*McConnell v. Canadian Pac. Realty Co.*,
280 F.R.D. 188 (M.D. Pa. 2011)........................................................................................10

*McDougall v. CRC Industries, Inc.*,
No. 20-CV-1499-JRT-LIB (D. Minn.) ...............................................................6, 11, 12, 13

*In re Schaefer*,
331 F.R.D. 603 (W.D. Pa. 2019) ................................................................................ *passim*

*Spring Pharms., LLC v. Retrophin, Inc.*,
No. 18-CV-04553, 2019 WL 3731725 (E.D. Pa. Aug. 8, 2019) .......................................9, 12

**Other Authorities**

Fed. R. Civ. P. 26.......................................................................................................9, 10

Fed. R. Civ. P. 30........................................................................................................7, 12

Fed. R. Civ. P. 31........................................................................................................7, 12

Fed. R. Civ. P. 45.................................................................................................8, 9, 11, 12

## I.   INTRODUCTION

Nonparty CRC Industries, Inc. moves to quash two Subpoenas seeking to compel CRC's deposition testimony in cases pending in federal court in California and Missouri (together, the "Underlying Actions"). The Underlying Actions present tragic facts. In the California Action,[1] children were killed when a man allegedly high on a dust remover product marked as "Ultra Duster" and manufactured and sold by, among other parties, defendant AW Distributing, Inc. (the "AW Product") struck the children with his car. The California Plaintiffs – personal representatives and administrators of the estates of the deceased children – assert a dozen claims against the manufacturers, distributors and sellers of the AW Product. The Missouri Action[2] tells a similar story. A 39-year-old woman was killed when her vehicle collided with a car driven by a man allegedly high on "Dust-Off," a dust remover product manufactured and sold by, among other parties, Falcon Safety Products, Inc. (the "Falcon Product"). Like the California Action, the Plaintiff in the Missouri Action – the personal representative of the estate of the decedent – brings numerous claims against the manufacturers, distributors and sellers of the Falcon Product. Such Actions are illustrative of a pattern emerging nationwide. There are many of these "huffing" cases around the country involving dusters, glues, gasoline, paints, and other household products.

CRC manufactures and sells its own dust-remover product (the "CRC Duster"), and it is a defendant in two cases involving allegations of huffing. But it is **_not_** a defendant in the Underlying Actions, and its product has nothing to do with the allegations and claims in the

---

[1] *Kelley et al. v. AW Distributing, Inc. et al.*, Case No. 3:20-cv-06942 (N.D. Cal.) is referred to herein as the "California Action."

[2] *Rardon v. Falcon Safety Products, Inc. et al.*, Case No. 3:20-cv-06165 (W.D. Mo.) is referred to herein as the "Missouri Action."

Underlying Actions.  Nevertheless, Plaintiffs,[3] who are represented by the same counsel, have now served identical Subpoenas in each of the Underlying Actions in an effort to compel CRC to testify about the CRC Duster.  Testifying in the Underlying Actions would impose an undue burden on CRC and set a dangerous precedent, whereby plaintiffs' lawyers can indefinitely cherry-pick testimony from any industry participant to support its claims in cases around the country and conscript them into testifying in lawsuits against unrelated parties.  Plaintiffs' Subpoenas should be quashed for three reasons:

*First*, the topics identified in the Subpoenas are wholly untethered to the claims in the Underlying Actions.  The Underlying Actions do not name CRC as a defendant; nor do they assert that the CRC Duster had anything to do with the events giving rise to the litigation.

*Second*, Plaintiffs have not shown any need for the testimony.  CRC representatives have been deposed by Plaintiffs' counsel in an action that names CRC as a defendant, and they might be deposed again in cases involving the same subject matter in which CRC is or will be a party. This Court should reject counsel's request for more bites at the apple.

*Third*, CRC would be substantially burdened if compliance with the Subpoenas were required.  Enforcing the Subpoenas would endorse the proposition that CRC must make itself available to be deposed in *any* litigation involving the alleged misuse of dusting spray nationwide.  Requiring CRC to prepare for, and attend, those depositions would force it to expend immeasurable time and resources.  Such expansive cost and inconvenience plainly amounts to an undue burden under federal law, and accordingly the Subpoenas should be quashed.

---

[3] As used in this Memorandum of Law, "Plaintiffs" refers collectively to the Plaintiffs in each of the Underlying Actions, who are all represented by the same law firm.

## II.    BACKGROUND

### A.    The Underlying Actions

#### 1.    The California Action

The California Plaintiffs brought suit in the U.S. District Court for the Northern District of California on October 5, 2020, and they amended their complaint on May 10, 2021.  *See Kelley et al. v. AW Distributing, Inc. et al.*, Case No. 3:20-cv-06942, ECF 1 & 100 (N.D. Cal.) (amended complaint attached as Exhibit A).  The California Action names several defendants that "designed, manufactured, tested, labeled, distributed, and/or sold" the AW Product.[4]  *Id.* at ¶ 53.  The California Defendants allegedly advertised and marketed the AW Product as a "'compressed gas air duster' that 'blast[s] dust, dirt, and unwanted micro-articles [sic] away from computers, keyboards, printers plus many more.'"  *Id.* at ¶ 153.  The California Plaintiffs assert that the main ingredient in the AW Product was DFE.[5]  "Because DFE is a central nervous system depressant, when inhaled, it causes debilitating and impairing effects such as unconsciousness, drowsiness, dizziness, and suffocation."  *Id.* at ¶ 61.

The California Defendants apparently try to deter potential abuse of the AW Product by including in it "a bitterant additive that discourages potential abusive and misusage of the product by making its contents unpleasant to inhale."  *Id.* at ¶ 169 (internal quotation marks omitted).  Despite the California Defendants' use of a bittering agent, the California Plaintiffs allege that non-party Colton R. Treu "inhaled and got high from" the AW Product while driving. *Id.* at ¶¶ 209-11.  The amended complaint goes on to assert:

---

[4] CRC cites the allegations in the pleadings in both the California and Missouri Actions to provide the Court with background information about these cases.  In so doing, however, CRC does not accept any of the allegations as true.

[5] The fluorinated hydrocarbon gas titled 1-1, difluoroethane is referred to herein as DFE.

> Because Treu predictably and foreseeably huffed Ultra Duster, got high, lost consciousness and/or all control of his bodily movements, and lost the ability to maintain control of his vehicle, he predictably and foreseeably drove off the northbound lane of the highway, crossed the centerline, and crossed the southbound lane of the highway, where his vehicle struck J.K., H.H., and Sara Schneider, as well as additional members of their Girl Scout Troop 3055, all of whom were lawfully picking up trash on the side of the road, as part of the volunteer Adopt-a-Highway program. The collision caused many deaths, including the deaths of J.K., H.H., and Sara Schneider.

*Id.* at ¶ 216.

The California Plaintiffs brought state law claims in connection with the manufacturing and sale of the AW Product. Crucially, however, the amended complaint does ***not*** name CRC as a Defendant, allege that CRC manufactured or sold the AW Product or any of its ingredients, or otherwise contend that CRC was in any way involved in the events giving rise to the California Action.

### 2.    The Missouri Action

The Missouri Action presents similar facts. The Missouri Plaintiff brought suit in the U.S. District Court for the Western District of Missouri on November 13, 2020, and amended his complaint on November 17, 2020. *See Rardon v. Falcon Safety Products, Inc. et al.*, Case No. 3:20-cv-06165, ECF 1 & 4 (W.D. Mo.) (amended complaint attached as Exhibit B). The Missouri Action names multiple defendants that allegedly "exercised significant control over the designing, testing, manufacturing, producing, processing, assembling, formulating, inspecting, researching, promoting, labeling, marketing, advertising, distributing, and selling of" the Falcon Product. *Id.* at ¶ 19.

The Missouri Plaintiff alleges that the Falcon Product is "a 'compressed gas duster' that provides 'potent dust-removing power for practically any task.'" *Id.* at ¶ 45. According to the amended complaint, "the main ingredient in [the Falcon Product] – like other compressed gas

dusters on the market – was DFE." *Id.* at ¶ 146. In light of DFE's effects when inhaled through misuse of DFE-containing products, the Missouri Defendants apparently also included a bittering agent to try to deter the potential misuse of the Falcon Product. *See id.* at ¶ 168.

Despite the inclusion of a bittering agent in the Falcon Product, third-party Defendant Shawn M. Yuille allegedly "inhaled and got high from" the Falcon Product while driving. *Id.* at ¶ 219. The amended complaint goes on to assert:

> Because Yuille predictably and foreseeably huffed Dust-Off that he purchased in the State of Missouri, got high, lost consciousness and/or all control of his bodily movements, and lost the ability to maintain control of his vehicle, he predictably and foreseeably failed to stop for an electronic stop light on U.S. 65 at the intersection of Calhoun Street, and struck Danette Rardon's westbound vehicle as she was lawfully turning northbound on U.S. 65, causing Danette Rardon's fatal injuries.

*Id.* at ¶ 224.

The Missouri Plaintiff brought nine state law claims in connection with the manufacturing and sale of the Falcon Product. Like the California Action, however, the amended complaint does ***not*** name CRC as a Defendant, allege that CRC manufactured or sold the Falcon Product or any of its ingredients, or otherwise contend that CRC was in any way involved in the events giving rise to the Missouri Action.

**B.    CRC**

CRC is a manufacturer and distributor of industrial chemicals for maintenance and repair of marine, electrical, industrial, automotive and aviation equipment. One such product produced by CRC is the CRC Duster. The CRC Duster is a spray used to remove embedded debris from products without damaging sensitive components or surface finishes. The CRC Duster is comprised of DFE.

Plaintiffs' counsel has filed lawsuits against CRC in Minnesota and Oregon concerning the misuse of the CRC Duster. *See McDougall v. CRC Industries, Inc.*, Case No. 20-CV-1499-JRT-LIB (D. Minn.) (the "Minnesota Action"); *Braasch-Berry v. CRC Industries, Inc.*, Case No. 21-CV-32021 (Or. Multnomah Cnty. Cir. Ct.) (the "Oregon Action"). CRC representatives have been deposed in connection with the Minnesota Action, during which they provided testimony regarding the CRC Duster, CRC's use of a bitterant, and CRC's decision to stop using a bitterant in its Duster.

**C.      The Subpoenas**

**1.      The October 28 Subpoena**

On October 28, 2022, the California Plaintiffs served a subpoena seeking to require CRC to appear for a deposition by Zoom. *See* Ex. C at 1. The Subpoena sought deposition testimony involving the following three topics:

1.  "Whether [the] CRC Duster included a bitterant at any point from 2006 through the present, including the reason for including a bitterant";

2.  "If the bitterant was removed from CRC Duster at any point, [CRC's] decision to remove the bitterant, including the reasons and any evidence in support of that decision"; and

3.  "[CRC's] understanding of whether bitterant is effective at reducing, preventing, or deterring persons from intentionally inhaling dusting spray, including CRC Duster, including the basis of that understanding."

*Id.* at 3.

On November 7, CRC's undersigned counsel sent Plaintiffs' counsel a letter in connection with the Subpoena. *See* Ex. D. The letter observed that "[n]o claims are asserted against CRC, and the CRC Duster therefore appears to have nothing to do with the litigation." *Id.* at 1. The letter further explained that "[t]he subpoena seeks testimony that is not relevant to

the plaintiffs' claims and imposes an undue burden on CRC, and therefore CRC objects to the subpoena." *Id.* at 2.

On November 29, Plaintiffs' counsel withdrew the October 28 subpoena.

### 2. The December 7 Subpoenas

On December 7, Plaintiffs' counsel served new deposition Subpoenas on CRC in connection with each of the Underlying Actions. *See* Ex. E (California Action Subpoena); Ex. F (Missouri Action Subpoena). Rather than seek depositions by oral examination under Rule 30, these Subpoenas seek to compel depositions by written questions under Rule 31. *See* Ex. E at 1; Ex. F at 1. Specifically, the Subpoenas demand that CRC answer the following questions:

1. Please state your name

2. Are you an employee of CRC Industries?

3. What is your position or title?

4. Are you familiar with a product called CRC Duster?

5. Does CRC Duster contain a bitterant?

6. Has CRC Duster ever contained a bitterant?

7. What was the purpose of including a bitterant in CRC Duster?

8. Why did CRC discontinue using a bitterant in CRC Duster?

9. Is CRC aware of any data that shows a bitterant is effective in deterring purchasers from intentionally inhaling the contents of a dusting spray containing difluorethane?

10. Did CRC ever receive any data from any manufacturer of a bitterant that showed the bitterant was effective in deterring the intentional inhalation of the contents of a dusting spray containing difluorethane?

11. Is CRC aware of any technical articles or reports that show a bitterant is effective in deterring purchasers from intentionally inhaling the contents of a dusting spray containing difluorethane?

12. Is CRC aware of any other information that shows a bitterant is effective in deterring purchasers from intentionally inhaling the contents of a dusting spray containing difluorethane?

Ex. E at 3-4; Ex. F at 3-4.  In a letter transmitting the Subpoenas, Plaintiffs' counsel summarily dismissed the objections CRC raised in its November 7 letter.  *See* Ex. G.

### 3.    CRC Objects to the December 7 Subpoenas

On December 9, CRC accepted service of the December 7 Subpoenas and stated that "they do not appear to address the concerns raised in [its] November 7 letter."  *See* Ex. H.

The parties then engaged in several additional correspondence about the Subpoenas in an effort to meet and confer, all of which are attached as Exhibits I through M.  Because the Subpoenas do not address any of the concerns CRC raised regarding the first subpoena, CRC requested that the Subpoenas be withdrawn.  Plaintiffs have refused to do so, prompting CRC to file these Motions to Quash.

### 4.    Falcon Safety Products' Objection to the Missouri Action Subpoena

On December 21, Falcon Safety Products – a defendant in the Missouri Action – served objections to the Subpoena that was issued to CRC in connection with that Action.  *See* Ex. N. Falcon Safety Products explained that the written deposition questions "seek[] information not related to any products at issue in this litigation, and seek[] information related to the knowledge of a party not at issue in this matter, and therefore [are] overbroad and unduly burdensome."  *Id.* at 3.  Falcon Safety Products further observed that the written questions are "not properly limited in time or scope and [are] not proportional to the needs of this case."  *Id.*  To CRC's knowledge, Plaintiffs' counsel has not responded to Falcon Safety Products' objections.

## III.    ARGUMENT

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, "[a] subpoena may command a person to attend a … deposition[.]"  Fed. R. Civ. P. 45(c)(1).  Like any other form of

discovery, a subpoena may only seek information that is "relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that … subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iv).

In evaluating whether an undue burden exists, courts within this Circuit "consider the fact that a subpoena targets a non-party, as courts have imposed broader restrictions on the scope of discovery when a non-party is targeted."  *Hayes v. Easterday*, No. CV 11-0681, 2012 WL 13207471, at *2 (E.D. Pa. Jan. 24, 2012) (citations and internal quotation marks omitted).  Bearing that principle in mind, "courts weigh the burden to the subpoenaed party against the value of the information to the serving party."  *Spring Pharms., LLC v. Retrophin, Inc.*, No. 18-CV-04553, 2019 WL 3731725, at *3 (E.D. Pa. Aug. 8, 2019) (citation and internal quotation marks omitted).  Numerous factors are relevant when balancing those interests, "including the relevance of the information requested, the need of the party for the documents, the burden imposed, and the expense and inconvenience to the non-party."  *In re Schaefer*, 331 F.R.D. 603, 616 (W.D. Pa. 2019) (citation and internal quotation marks omitted).  Each of these factors supports quashing the Subpoenas.

### A.    The Subpoenas Seek Testimony That Is Not Relevant

The Subpoenas seek information that is not relevant to the Underlying Actions.  "As part of a court's broad discretion to determine whether a subpoena is unduly burdensome, a finding that the information sought by a subpoenaing party relates to topics beyond the scope of the litigation can increase the unduly burdensome nature of the subpoena."  *Spring Pharms., LLC*, 2019 WL 3731725, at *4 (citation and internal quotation marks omitted).  Thus, a party will be unduly burdened from complying with a subpoena where the "requested discovery … is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary

presumption in favor of broad disclosure." *McConnell v. Canadian Pac. Realty Co.*, 280 F.R.D. 188, 193 (M.D. Pa. 2011) (citation and internal quotation marks omitted); *see also Cunningham v. Concentrix Sols. Corp.*, No. 4:20-CV-00661, 2021 WL 4502615, at *3 (E.D. Tex. Oct. 1, 2021) (quashing Subpoena seeking to depose a party under Rule 31 on the grounds that "the information sought is not relevant").

Plaintiffs' counsel seek to depose CRC regarding its use of a bittering agent in the CRC Duster, including CRC's understanding of a bittering agent's effectiveness in deterring "purchasers from intentionally inhaling the contents of dusting spray[.]" *See* Ex. E at 3; Ex. F at 3. However, the Underlying Actions do not name CRC as a defendant. Nor do they assert that CRC's Duster or its bittering agent were in any way responsible for the events giving rise to the Underlying Actions. To the contrary, the claims in the California Action concern only the AW Product, and the claims in the Missouri Action relate exclusively to the Falcon Product. Without any allegation that CRC was involved in the production or sale of either the Falcon or AW Products, the CRC Duster and CRC's use (or non-use) of a bittering agent are wholly irrelevant to the allegations and claims of the Underlying Actions. The Subpoenas thus amount to an improper demand that CRC testify about a CRC product that Plaintiffs do not allege harmed them. *Cf. Cont'l Cas. Co. v. J.M. Huber Corp.*, No. CV 13-4298 (CCC), 2017 WL 6492492, at *7 (D.N.J. Dec. 19, 2017) (limiting scope of deposition based upon finding that certain topic is "irrelevant because it is completely unrelated to Plaintiffs or Defendant"). Requiring CRC to testify concerning questions of such "marginal relevance" to the Underlying Actions plainly imposes an undue burden. *McConnell*, 280 F.R.D. at 193 (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(b)(1) (requiring that discovery be both relevant and

proportional to the needs of the case, considering, among other things, "the parties' relative access to relevant information" and "the importance of the discovery in resolving the issues").

### B.    Plaintiffs Have No Need for the Testimony

"[E]ven if the information sought is relevant, discovery is not allowed where no need is shown." *Frank v. Honeywell Int'l Inc.*, No. 15-MC-00172, 2015 WL 4770965, at *4 (E.D. Pa. Aug. 13, 2015). Thus, where a party "fail[s] to demonstrate any … need for [the deponent's] testimony, … compliance with the subpoena[] would subject [the deponent] to an undue burden." *In re Schaefer*, 331 F.R.D. at 616. No such need is present here.

Plaintiffs' counsel has already deposed CRC representatives regarding the CRC Duster and CRC's use of a bittering agent in the Minnesota Action. Courts within this Circuit have squarely rejected parties' efforts to require nonparties to testify where the proposed deponent has previously provided deposition testimony and documents relating to the same subject matter in other cases. *Frank*, 2015 WL 4770965, at *5. The Subpoenas do not – and Plaintiffs cannot – show any need to depose CRC again in a case in which it is not a party.

Furthermore, even if Plaintiffs' counsel had not previously deposed CRC concerning the written questions posed in the Subpoenas, they *still* would be unable to show that they have any need for the testimony they seek. In order to establish need under Rule 45, Plaintiffs must "show[] that they cannot obtain the same information from … a party in [the underlying] case that is subject to broad discovery under the Federal Rules." *Lady Liberty Transp. Co. v. Philadelphia Parking Auth.*, No. CIV.05-1322, 2007 WL 707372, at *9 (E.D. Pa. Mar. 1, 2007). Plaintiffs cannot make such a showing here. While Plaintiffs request testimony about CRC's understanding of a bittering agent's effectiveness in deterring intentional inhalation of dusting spray, they have failed to show that such testimony cannot be provided by a party in the Underlying Actions. And, to the extent that a party to the Underlying Actions is unable to

provide testimony relating exclusively to the use of bittering agents in the CRC Duster, Plaintiffs cannot show a need to gather testimony relating to a specific CRC product that has nothing to do with the Underlying Actions. *See Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 532 (D. Del. 2002) ("Although the financial, marketing and sales data of [the non-party] is 'unique' in the sense that it is information about the [nonparty] .... [Plaintiff] presumably has access or will have access to similar information from its opponents during discovery on their defenses."). Thus, "[g]iven that 'where proof of either relevance *or* need is not established, discovery is properly denied,' the Court's undue burden analysis [can] end[]" here." *Frank*, 2015 WL 4770965, at *5 (quoting *Mannington Mills, Inc.*, 206 F.R.D. at 532).

### C.    The Subpoenas Impose Substantial Burden, Expense, and Inconvenience

Moreover, even assuming the information sought by the Subpoenas were relevant and necessary to Plaintiffs' claims, quashing the Subpoenas would still be warranted in light of the burden, expense, and inconvenience they impose upon CRC. "The unwanted burden thrust upon non-parties is afforded special weight in evaluating the balance of competing needs in a Rule 45 inquiry." *Spring Pharms., LLC*, 2019 WL 3731725, at *3. "The burden encompasses both the personal hardship to the subpoenaed party and the wider social consequences of permitting discovery." *In re Schaefer*, 331 F.R.D. at 614 (quoting *In re Fosamax Prods. Liability Litig.*, No. 06-1789, 2009 WL 2395899, at *3 (S.D.N.Y. Aug. 4, 2009)).

Such burdens are ever-present here, whether the proposed depositions are by oral examination under Rule 30 or by written questions under Rule 31. As noted, during the depositions of CRC's representatives in the Minnesota Action, Plaintiffs' counsel inquired about CRC's use of a bittering agent, and CRC's belief about bittering agents' effectiveness in preventing the intentional inhalation of duster spray. Apparently satisfied with CRC's testimony during those depositions, Plaintiffs once again attempt to compel CRC to provide testimony

about the CRC Duster in completely unrelated actions concerning different products made and sold by different companies.

That extraordinary request should be squarely rejected. CRC has expended time and resources appearing for depositions as a defendant in the Minnesota Action. CRC has not, however, submitted to serving as a witness for Plaintiffs' counsel in litigations unrelated to CRC products. Permitting Plaintiffs to conscript CRC into testifying in the Underlying Actions would endorse the proposition that participants in an industry must make themselves available to testify in *any* litigation involving the industry. A plaintiff's firm that likes the testimony it elicited from a manufacturer of a product in one case would then be able to continue to subpoena that party in every other case it might have against unrelated participants to elicit the same testimony. That party would, in turn, be required to expend substantial resources preparing for, and participating in, countless depositions concerning products that it had no role in manufacturing and lawsuits that it has no role in defending. *See In re Schaefer*, 331 F.R.D. at 616 (court may consider the "expense and inconvenience to the non-party") (citation and quotation marks omitted).

This is effectively what is happening here. Plaintiffs' counsel actively markets its "huffing" practice group, soliciting new clients to bring more huffing cases,[6] and it currently represents plaintiffs in other such cases in which CRC is not a party, in addition to the Underlying Actions. *See, e.g.*, *Silvestry v. Falcon*, No. ESX-L-003103-20 (N.J. Super. Ct.) (complaint filed May 6, 2020); *Chairez v. AW Distributing Inc.*, No. 20-cv-1473 (D. Minn.) (complaint filed June 26, 2020). Based on the way Plaintiffs described huffing incidents in each of the Underlying Actions, there will certainly be more cases, and Plaintiffs' counsel will – if

---

[6] *See* https://www.robinskaplan.com/services/personal-injury-attorneys/compressed-gas-dusting-injuries (last accessed on December 22, 2022) (plaintiffs' counsel's website describing its investigation of "huffing" cases and soliciting clients in several states around the country).

permitted to conscript a CRC witness to testify in the Underlying Actions as a complete stranger to these cases – continue to look to CRC to provide testimony they believe supports their claims against other industry participants. Such an expansive requirement sets a dangerous, seemingly limitless precedent and plainly imposes an undue burden under federal law. *See In re Schaefer*, 331 F.R.D. at 614.

## IV.    CONCLUSION

For the reasons set forth herein, CRC respectfully requests that this Court enter orders quashing Plaintiffs' Subpoenas to Testify at a Deposition in a Civil Action.

Respectfully submitted,

Dated: January 3, 2023                HANGLEY ARONCHICK SEGAL PUDLIN
                                      & SCHILLER

By: _____
          Jason A. Levine (I.D. No. 306446)
      One Logan Square, 27th Floor
      Philadelphia, PA 19103
      (215) 568-6200
      jlevine@hangley.com

*Counsel for Non-Party CRC Industries, Inc.*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

BRIAN KELLEY and ROBIN KELLEY,
Individually, and as Personal Representatives
and General Co-Administrators of THE ESTATE
OF J.K., their minor child, deceased; J.O., a
minor, Individually, and as Successor-in-Interest
to THE ESTATE OF H.H., deceased, and as
Successor-in-Interest to THE ESTATE OF
SARA SCHNEIDER, deceased, by and through
his Co-Guardians ad Litem, JUDY SCHNEIDER
and TROY OLVER,

                         Plaintiffs,

        v.

AW DISTRIBUTING, INC.; AW PRODUCT
SALES & MARKETING, INC.; AW & HO
(HOLDINGS), INC.; KENNIC HO; ALICE
HO; WALMART INC.; WAL-MART
STORES, INC.; WAL-MART STORES
EAST, LP; WAL-MART STORES EAST,
LLC; DAIHO SANGYO, INC.; AND JOHN
DOE COMPANY DEFENDANTS #2-10,

                         Defendants.

Misc. Case No.: _____

Underlying Case No:

4:20-cv-06942-JSW
United States District Court for the
Northern District of California

## NONPARTY CRC INDUSTRIES, INC.'S MOTION TO QUASH
## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

Pursuant to Federal Rule of Civil Procedure 45(d)(3), Nonparty CRC Industries, Inc.

respectfully requests that this Court enter an order quashing Plaintiffs' Subpoena seeking to

compel CRC to testify at a deposition.  In support of this Motion, CRC relies upon the attached

Memorandum of Law, with accompanying exhibits.  The Subpoena CRC seeks to quash is

attached to the Memorandum of Law as Exhibit E.

CRC has provided notice of this Motion to all parties by sending to each party's counsel, via email and overnight Federal Express, copies of this Motion, the Proposed Order, and CRC's Memorandum of Law, with accompanying exhibits.

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

Dated: January 3, 2023

By:_____

Jason A. Levine (I.D. No. 306446)
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568-6200
jlevine@hangley.com

*Counsel for Non-Party CRC Industries, Inc.*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN KELLEY and ROBIN KELLEY, Individually, and as Personal Representatives and General Co-Administrators of THE ESTATE OF J.K., their minor child, deceased; J.O., a minor, Individually, and as Successor-in-Interest to THE ESTATE OF H.H., deceased, and as Successor-in-Interest to THE ESTATE OF SARA SCHNEIDER, deceased, by and through his Co-Guardians ad Litem, JUDY SCHNEIDER and TROY OLVER, | Misc. Case No.: _____  Underlying Case No:  4:20-cv-06942-JSW United States District Court for the Northern District of California |
| Plaintiffs, | |
| v. | |
| AW DISTRIBUTING, INC.; AW PRODUCT SALES & MARKETING, INC.; AW & HO (HOLDINGS), INC.; KENNIC HO; ALICE HO; WALMART INC.; WAL-MART STORES, INC.; WAL-MART STORES EAST, LP; WAL-MART STORES EAST, LLC; DAIHO SANGYO, INC.; AND JOHN DOE COMPANY DEFENDANTS #2-10, | |
| Defendants. | |

## **[PROPOSED] ORDER**

AND NOW, this _____ day of _____, 2023, upon consideration of nonparty CRC Industries, Inc.'s Motion to Quash Subpoena to Testify at a Deposition in a Civil Action, its Memorandum of Law in Support of its Motion, with accompanying exhibits, and any response thereto, it is hereby **ORDERED** that said Motion is **GRANTED**.

SO ORDERED.


Dated: _____          _____
                                      Judge, U.S. District Court

## <u>CERTIFICATE OF SERVICE</u>

I, Jason A. Levine, certify that on this day, January 3, 2023, I caused a true and correct copy of Nonparty CRC's (1) Motion to Quash Subpoena to Testify at a Deposition in a Civil Action, Memorandum of Law, with accompanying exhibits, and Proposed Order, and (2) Rule 7.1 Disclosure Statement to be served on counsel listed below via email and First Class Mail:

David Martinez
Daniel Lewis Allender
Jessica Marie Pettit
Robins Kaplan LLP
2049 Century Park East
Suite 3400
Los Angeles, CA 90067-3208
(310) 552-0130
(310) 229-5854
dmartinez@robinskaplan.com
dallender@robinskaplan.com
jpettit@robinskaplan.com

Philip Sieff
Tara DeAnn Sutton
David E. Bland
Rashanda C. Bruce
Robins Kaplan LLP
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
(612) 349-0106
(612) 349-8577
(612) 349-8298
(612) 349-8500
psieff@robinskaplan.com
tsutton@robinskaplan.com
dbland@robinskaplan.com
rbruce@robinskaplan.com

*Counsel for Plaintiffs*

Robert Kirk Phillips
Alyce Winn Foshee
Elizabeth Brand Cermak
Phillips Spallas & Angstadt LLP
560 Mission Street, Suite 1010
San Francisco, CA 94105

James Egan Sell
Timothy Roy Smyth
Tyson & Mendes
371 Bel Marin Keys Boulevard
Suite 100
Novato, CA 94949
(628) 253-5070
(530) 400-3482
jsell@tysonmendes.com
tsmyth@tysonmendes.com

Philip John Downs, Jr.
Cholakian & Associates
400 Oyster Point Blvd
Ste 415
South San Francisco, CA 94080
(650) 871-9544
pdowns@cholakian.net

Steven C. Finley
Hennefer, Finley & Wood, LLP
11 Embarcadero West
Suite 140
Oakland, CA 94607
(510) 444-0111
sfinley@finleylaw.biz

*Counsel for AW Entities*

John Charles Hendricks
Meagher Geer, PLLP
444 West Ocean Boulevard, Suite 800
Long Beach, CA 90802
(480) 624-8569
jhendricks@meagher.com

(415) 278-9400
(415) 249-1332
rphillips@psalaw.net
afoshee@psalaw.net
ecermak@psalaw.net

Megan Wessel
Phillips Spallas and Angstadt LLP
504 S. Ninth St.
Las Vegas, NV 89101
(702) 938-1510
mwessel@psalaw.net

Rose J. Jones
King & Spalding
1180 Peachtree Street, NE
Ste 1600
Atlanta, GA 30309
(404) 215-5828
rjones@kslaw.com

*Counsel for Walmart/Wal-Mart Entities*

John Radmer
Ryan L. Paukert
Meagher Geer, PLLP
33 South Sixth Street
Suite 4400
Minneapolis, MN 55402
(612) 338-0661
(612) 312-3349
jradmer@meagher.com
rpaukert@meagher.com

*Counsel for Daiho Sangyo, Inc.*

William Scott Kronenberg
Kronenberg Law, P.C.
1 Kaiser Plaza, Suite 1675
Oakland, CA 94612
(510) 254-6761
wkronenberg@krolaw.com

Michael Edward Fox
Brayton Purcell LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948
(415) 493-3565
mike@trianobyrne.com

*Counsel for Girl Scouts of the United States*

_____
    Jason A. Levine

*Counsel for Non-Party CRC Industries, Inc.*